**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Marco Romano,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | **No.: 2024-** |
| | ) | |
| **Bora Logistics, Inc.,** | ) | |
| **Uros Trninic,** | ) | |
| **Nenad Blagojevich, and** | ) | |
| **Teo Leon Nikolajevic,** | ) | |
| **Defendants.** | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Marco Romano ("Plaintiff"), by and through counsel, complaining of the Defendants, Bora Logistics, Inc., Uros Trninic, Nenad Blagojevich, and Teo Leon Nikolajevic (collectively "Defendants"), and states as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff was a resident of the state of Colorado.

2. Defendant Bora Logistics, Inc. was at all times relevant hereto an Illinois corporation operating an interstate motor carrier with principal offices located at 2030 E ALGONQUIN RD SCHAMBURG STE 409, IL 60173 and 3351 South Archer Avenue, Unit 7, Chicago, IL 60608. It is now listed as dissolved on the Illinois Secretary of State database.

3. Defendant Uros Trninic was at all times relevant hereto registered with the Illinois Secretary of State as holding all corporate offices of Bora Logistics, Inc., with a mailing address of 12161 S CENTRAL AVE, UNIT 209 ALSIP, IL 60803. Defendant Trninic had the authority to, and does, hire, fire, pay, direct, and supervise workers, including Plaintiff.

1

4.      Defendant Nenad Blagojevich was at all times relevant hereto the owner and operations manager of Bora Logistics, Inc., maintaining an office at 9864 Leland Avenue, #309, Schiller Park, Illinois, 60176. Among other things, Defendant Blagojevich had the authority to, and does, hire, fire, pay, direct, and supervise workers, including Plaintiff.

5.      Defendant Teo Leon Nikolajevic is and was at all times relevant hereto a dispatch manager of Bora Logistics, Inc., maintaining an office at 8860 N ROOT ST APT 6 NILES, IL, 60714. Among other things, Defendant Nikolajevic had the authority to, and does, direct and supervise Defendant Bora Logistics, Inc.'s truck drivers, including Plaintiff.

6.      At all times relevant hereto, Defendants were engaged in the interstate trucking and transportation of goods, authorized by the United States Department of Transportation as an interstate motor carrier, MC-1039617, until such authority was revoked for failure to pay fines imposed by FMCSA for safety violations.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction arising under the Fair Labor Standards Act, 29 U.S.C. § 216(b) via 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is properly placed in this District because the Defendants are transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

## FACTUAL ALLEGATIONS

10.     On or about October 2022, Plaintiff responded to an advertisement online recruiting over the road truck drivers like himself to the Chicago area to drive as a company driver for Defendant Bora Logistics, Inc. for .60 cents per mile.

11.     Defendants knew this advertisement was false and this advertisement was intended to induce drivers like Plaintiff to come to Chicago to work for less than the rate advertised.

12.     On or about October 14, 2022, Defendant Bora Logistics, Inc. hired Plaintiff as an over-the-road truck driver pursuant to an agreement for .60 cents per mile driven by Plaintiff.

13.     Plaintiff was required to travel to Illinois to meet Defendant Blagojevich at Defendants' office in Schaumburg and attend driver orientation.

14.     Defendants Blagojevich and Nikolajevic were directly involved in the recruitment, management and pay of Plaintiff.

15.     Defendant Bora Logistics, Inc. provided Plaintiff with the truck, with Defendant Bora Logistics, Inc.'s decals and motor carrier number affixed, and trailers, used by Plaintiff in the scope and the course of his employment.

16.     At all times during Plaintiff's employment to Plaintiff's knowledge, he drove under the USDOT motor carrier authority of Bora Logistics, Inc.

17.     Defendants exclusively dictated the loads Plaintiff hauled. Plaintiff was not permitted to negotiate or choose his own loads.

18.     From October 14, 2022, through November 4, 2022, Plaintiff worked approximately 50 hours per week driving loads for Defendants.

19. During this period, Plaintiff earned approximately $3,736.63 based on the agreed-upon rate of .60 cents per mile.

20. Defendants never paid Plaintiff any wages for his work.

21. In 2023, Defendants issued Plaintiff a false IRS Form 1099 reflecting over $5,000.00 in purported payments that were never made to Plaintiff.

22. Upon information and belief, Defendants engaged in a pattern and practice of recruiting drivers from out of state, failing to pay them earned wages, and issuing false tax forms.

23. Defendants failed to observe corporate formalities in the operation of Bora Logistics, Inc., with Defendant Trninic believed to have been recruited by Defendant Blagojevich as a Serbian national to falsely certify as the corporate officer and Illinois resident and registered agent of Defendant Bora Logistics, Inc.

24. Upon information and belief, after having their motor carrier authority revoked, Defendants have continued their scheme by opening new motor carrier authorities.

25. Each individual Defendant knowingly participated in and benefited from this scheme to defraud drivers of their earned wages.

26. Plaintiff has repeatedly demanded his unpaid wages in writing to Defendants. and has not received a response.

## COUNT I
**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT**

**PLAINTIFF v. ALL DEFENDANTS**

4

27.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-26 of this Complaint above as if fully set forth herein this Paragraph of Count I.

28.     At all times material to this Complaint, the Defendants were "employers" of Plaintiff as defined by the FLSA, 29 U.S.C § 203(d).

29.     At all times material to this Complaint, Plaintiff was an "employee" of the Defendants as defined by the FLSA, 29 U.S.C § 203(e).

30.     During Plaintiff's employment with the Defendants, Plaintiff did not fall under any exemption or exception to the FLSA's minimum wage requirements.

31.     At all times relevant hereto, 29 U.S.C § 206(a)(1)(C) required employers to pay their employees a minimum wage of $7.25 for every hour worked.

32.     Defendants violated 29 U.S.C § 206, *et seq*., by failing to pay Plaintiff at least $7.25 for approximately 150 hours worked over three weeks (October 14, 2022 - November 4, 2022) at approximately 50 hours per week.

33.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff suffered minimum damages of approximately $1,087.50 (150 hours $\times$ $7.25).

34.     Defendants' actions were willful and merit the imposition of liquidated damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a) Unpaid minimum wages in the amount of $1,087.50; b) Liquidated damages in the amount of $1,087.50; c) Reasonable attorneys' fees and costs of this action; and d) Such other relief as this Court deems necessary and just.

**COUNT II**
**VIOLATION OF IWPCA SECTION 4**
**PLAINTIFF v. ALL DEFENDANTS**

35. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-26 of this Complaint above as if fully set forth herein this Paragraph of Count II.

36. At all times relevant hereto, Defendants were "employers" as defined by the IWPCA, 820 ILCS 115/2; 115/13 as to individual Defendants since the individual Defendant knowingly permitted the scheme to defraud Defendant Bora Logistics, Inc.'s drivers, including Plaintiff.

37. At all times relevant hereto, Plaintiff was an "employee" as defined by the IWPCA, 820 ILCS 115/2.

38. At all times relevant to this Complaint, Section 4 of the IWPCA commanded in relevant part:

"All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned." IWPCA, 820 ILCS 115/4.

36. The $3,736.63 earned by Plaintiff per the guaranteed rate of .60 cents per mile constituted wages to be paid by Defendants as defined by the IWPCA, 820 ILCS 115/2.

37. Under the IWPCA, 820 ILCS 115/4, Defendants were required to pay Plaintiff his weekly wages no later than 7 days after the end of each weekly pay period during which such wages were earned.

38.     Defendants violated Section 4 of the IWPCA by failing to pay Plaintiff $3,736.63 in weekly wages earned between October 14, 2022, and November 4, 2022.

39.     Because of Defendants' willful violation of the IWPCA, Plaintiff has been damaged in that he has not received wages due and owing pursuant to the IWPCA.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a) Wages in the amount of $3,736.63; b) 5% of the amount of underpayments for each month following the date of each weekly underpayment during which such underpayment remains unpaid pursuant to 820 ILCS 115/14; c) Reasonable attorneys' fees and costs of this action pursuant to 820 ILCS 105/14; and d) Such other relief as this Court deems necessary and just.

### COUNT III
### VIOLATION OF IWPCA SECTION 5
### PLAINTIFF v. ALL DEFENDANTS

40.     Plaintiff repeats and re-alleges each and every allegation contained in the Paragraphs of Count II of this Complaint above as if fully set forth herein this Paragraph of Count III.

41.     At all times relevant to this Complaint, Section 5 of the IWPCA commanded in relevant part:

"Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." IWPCA, 820 ILCS 115/5.

42.     The $3,736.63 earned by Plaintiff per the guaranteed rate of .60 cents per mile constituted wages to be paid by Defendants as defined by the IWPCA, 820 ILCS 115/2.

43.     Under the IWPCA, 820 ILCS 115/5, Defendants were required to pay Plaintiff his final compensation at the time of separation, or at the next regularly scheduled pay day.

44.     Defendants violated Section 5 of the IWPCA by failing to pay Plaintiff $3,736.63 as part of his final compensation upon his separation from employment on or about November 4, 2022.

45.     Because of Defendants' willful violation of the IWPCA, Plaintiff has been damaged in that he has not received wages due and owing pursuant to the IWPCA.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a) Final compensation in the amount of $3,736.63; b) 5% of the amount of underpayments for each month following the date final compensation was due pursuant to 820 ILCS 115/14; c) Reasonable attorneys' fees and costs of this action pursuant to 820 ILCS 105/14; and d) Such other relief as this Court deems necessary and just.

## COUNT IV
### CONVERSION
### PLAINTIFF v. ALL DEFENDANTS

46.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-26 of this Complaint above as if fully set forth herein this Paragraph of Count IV.

8

47. Plaintiff has an immediate right to earned compensation in the amount of $3,736.63 currently in the possession and/or disbursed among Defendant Bora Logistics, Inc., Defendant Trninic, Defendant Blagojevich, and Defendant Nikolajevic.

48. Plaintiff has an absolute and unconditional right to the immediate possession of his earned compensation in the amount of $3,736.63.

49. Plaintiff has repeatedly demanded payment from Defendants for the aforesaid amounts.

50. Defendants have wrongfully taken exclusive possession of the Plaintiff's earned compensation in the amount of $3,736.63 without Plaintiff's authorization, and Plaintiff has suffered this amount in damages as a result of Defendants' conversion of these monies.

51. Defendants have exercised dominion over Plaintiff's earned wages by: a) Failing to pay Plaintiff his earned wages; b) Retaining possession and control over Plaintiff's earned wages; c) Disbursing Plaintiff's earned wages among themselves; d) Issuing false tax documentation regarding Plaintiff's earned wages; and e) Using Plaintiff's earned wages for their own benefit.

52. Defendants' actions complained of herein were malicious, including the willful breach of their obligations to properly handle and remit Plaintiff's earned wages as part of a larger scheme to defraud interstate drivers, and warrant the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a) Actual damages in the amount of $3,736.63; b) Punitive damages in an amount sufficient to punish Defendants for their wrongful conduct and deter others from engaging in similar wrongful

conduct; c) Prejudgment interest; d) Costs of this action; and e) Such other relief as this Court deems necessary and just.

## COUNT V
## FRAUD
## PLAINTIFF v. ALL DEFENDANTS

53. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-23 of this Complaint above as if fully set forth herein this Paragraph of Count V.

54. During the recruitment process in October 2022, Defendants Blagojevich and Nikolajevic, in the scope and course of their agency as owners and/or managers of Defendant Bora Logistics, Inc., made the following false representations to Plaintiff: a) That they would pay him .60 cents per mile driven; b) That they had the intention and ability to pay his wages; c) That they would pay him on a regular basis; and d) That they operated a legitimate trucking operation that honored its obligations to drivers.

55. All Defendants knew these representations to be false when made, as evidenced by: a) Their pattern and practice of recruiting drivers from out of state and failing to pay them; b) Their failure to maintain corporate formalities; c) Their subsequent loss of motor carrier authority for failure to pay safety violation fines; d) Their practice of issuing false tax documentation to unpaid drivers; and e) Their continuation of the scheme under new motor carrier authorities.

56. Defendants made these false representations to Plaintiff for the purpose of inducing him to: a) Travel to Illinois at his own expense; b) Transport loads for Defendants' benefit; c) Continue working despite non-payment; and d) Generate revenue for Defendants without compensation.

57.     Plaintiff reasonably relied on the Defendants' false representations by: a) Traveling to Illinois for orientation; b) Accepting employment with Defendants; c) Driving loads as directed by Defendants; and d) Continuing to work while awaiting promised payment.

58.     As a direct and proximate result of the fraud committed by the Defendants upon Plaintiff: a) Plaintiff incurred travel expenses; b) Plaintiff performed work without compensation; c) Plaintiff lost opportunities for other employment; d) Plaintiff incurred tax liability from false documentation; and e) Plaintiff suffered emotional distress.

59.     The total damages suffered by Plaintiff as a result of Defendants' fraud include: a) Lost wages of $3,736.63; b) Travel expenses; c) Lost opportunity costs; d) Tax-related damages; and e) Emotional distress damages.

60.     Defendants' fraudulent actions were part of an ongoing scheme to defraud interstate drivers, were willful and malicious, and warrant the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, jointly and severally, for the following:

a) Actual damages in the amount of $3,736.63; b) Consequential damages including travel expenses, lost opportunities, and tax-related damages; c) Damages for emotional distress; d) Punitive damages in an amount sufficient to punish Defendants for their wrongful conduct and deter others from engaging in similar wrongful conduct; e) Prejudgment interest; f) Costs of this action; and g) Such other relief as this Court deems necessary and just.

**COUNT VI**
**CIVIL CONSPIRACY**
**PLAINTIFF v. TRNINIC, BLAGOJEVICH, AND NIKOLAJEVIC**

11

61. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1-26 of this Complaint above as if fully set forth herein this Paragraph of Count VI.

62. Defendants Trninic, Blagojevich, and Nikolajevic knowingly entered into an agreement and scheme to accomplish the following unlawful purposes for their personal benefit: a) Defrauding interstate truck drivers of their earned wages; b) Converting drivers' earned wages for their personal enrichment; c) Violating federal and state wage laws; and d) Concealing their unlawful conduct through false documentation.

63. The individual Defendants used Bora Logistics, Inc. as a mere instrumentality and pretextual cover for their personal scheme, as evidenced by: a) Their complete disregard for corporate formalities; b) Their commingling of corporate and personal funds; c) Their operation of the business for their personal benefit rather than any legitimate corporate purpose; d) Their deliberate undercapitalization of the purported corporation; e) Their failure to maintain proper corporate records; and f) Their use of the corporate form solely as a facade for their individual interests.

64. Each individual Defendant knowingly participated in this conspiracy in furtherance of their personal interests: a) Defendant Trninic:

- Used his corporate officer positions as a facade while personally profiting from unpaid wages

- Deliberately failed to observe corporate formalities to facilitate personal gain

- Personally diverted drivers' wages for his own benefit

- Profited personally from the scheme to defraud drivers

12

b) Defendant Blagojevich:

- o Personally recruited drivers with false promises to generate revenue for his own benefit

- o Directly profited from the non-payment of wages

- o Personally directed the issuance of false tax documents to conceal the scheme

- o Operated the enterprise for his personal enrichment

c) Defendant Nikolajevic:

- o Personally recruited and dispatched drivers to generate revenue for his own benefit

- o Directly profited from the conversion of drivers' wages

- o Made false promises to drivers for his personal gain

- o Participated in the scheme for his individual enrichment

65.     In furtherance of their personal conspiracy, the individual Defendants committed the following overt acts: a) Created and used Bora Logistics as a shell company to perpetrate their scheme; b) Recruited drivers from out of state with false promises of payment; c) Required drivers to travel to Illinois at their own expense; d) Assigned loads to drivers while intending to personally profit from unpaid wages; e) Systematically diverted earned wages for their personal use; f) Issued false IRS Form 1099s to conceal their scheme; g) Deliberately failed to maintain corporate formalities to facilitate their personal enrichment; h) Allowed the motor carrier authority to be revoked while pocketing funds that should have paid fines; and i) Established new shell companies to continue their personal scheme.

66.     Each individual Defendant acted in concert with the others while pursuing their individual interests, knowing that their coordinated actions would result in personal enrichment through harm to Plaintiff and other drivers.

67.     The individual Defendants provided substantial assistance to each other in accomplishing their unlawful personal purposes while using Bora Logistics as a mere instrumentality for their scheme.

68.     As a direct and proximate result of the individual Defendants' civil conspiracy, Plaintiff has suffered damages including: a) Lost wages of $3,736.63; b) Travel expenses incurred in reliance on false promises; c) Lost opportunity costs; d) Tax liability from false documentation; e) Emotional distress; and f) Other consequential damages.

69.     The individual Defendants' coordinated actions in furtherance of their personal conspiracy were willful, malicious, and undertaken with reckless disregard for the rights of Plaintiff and other drivers, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants Trninic, Blagojevich, and Nikolajevic, jointly and severally, for the following:

a) Actual damages in the amount of $3,736.63; b) Consequential damages including travel expenses, lost opportunities, and tax-related damages; c) Damages for emotional distress; d) Punitive damages in an amount sufficient to punish the individual Defendants for their wrongful conduct and deter others from engaging in similar wrongful conduct; e) Prejudgment interest; f) Costs of this action; and g) Such other relief as this Court deems necessary and just.

**JURY TRIAL DEMANDED**

14

Submitted by:
Counsel for Plaintiff
By: __/s/ Nicholas J. Kreitman_
Nicholas Kreitman

ARDC #: 6313283
Kreitman Law, LLC
505 North La Salle Dr., Suite 500
Chicago, IL 60654
(847) 970-0575
njk@kreitmanlaw.com